U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED
JAN 06 2016
TONY R. MOORE CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

b

| | |
|---|---|
| CLARENCE DABNEY,<br>   Plaintiff<br><br>VERSUS<br><br>ROBERT CLEVELAND, et al.,<br>   Defendants | CIVIL ACTION<br>SECTION "P"<br>NO. 1:13-CV-03305<br><br><br>JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JOSEPH H.L. PEREZ-MONTES |

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the Court is a civil rights complaint filed in forma pauperis pursuant to 42 U.S.C. § 1983, with supplemental state law claims for medical malpractice and negligence, by Plaintiff Clarence Dabney ("Dabney") on December 31, 2013 (Doc. 1) and amended on July 29, 2014 (Doc. 26) and September 24, 2014 (Doc. 47). The remaining named Defendants[1] are Robert Cleveland (a physician employed at the Avoyelles Correctional Center ("ACC") in Cottonport, Louisiana), Gilda Nicholson (a nurse employed at ACC), and Joseph Clark and Kyle McNeil (correctional officers employed at ACC). Dabney contends that, when he was confined in the ACC in April 2013, he was bitten by spiders when he was working his assigned job outside, near the kitchen, and was denied medical care

---

[1] Dabney voluntarily dismissed his action against Sheriff Doug Anderson (Docs. 10, 11), Victoria Bordelon Pena, Marla Finch, and Sandra Sibley (Docs. 43, 44).

for the spider bites. As a result, Dabney permanently lost all vision in both eyes and almost died. For relief, Dabney asks for monetary damages, costs, attorney fees, and a jury trial.

Defendants answered the complaints (Docs. 12, 38). Defendants Clark and McNeil filed a motion to dismiss Dabney's complaint pursuant to Fed.R.Civ.P. Rule 4(m), on the ground that they were not served (Doc. 69). Dabney filed a brief in opposition to that motion (Doc. 71), then filed a motion for extension of time to serve Clark and McNeil (Doc. 72), which Defendants opposed (Doc. 72). Dabney's motion for extension of time to serve defendants was granted for good cause shown, and Dabney was given until June 8, 2015 for service (Doc. 73). No service returns or waivers of service for Clark and McNeil were filed into the record after the second extension of time was granted.

Defendants' motion to dismiss (Doc. 69) was referred to the undersigned for Report and Recommendation (Doc. 85).

## Law and Analysis

Defendants Clark and McNeil argue that Dabney's complaint should be dismissed for failure to effect service.

In <u>Henderson v. U.S.</u>, the Supreme Court stated that Rule 4(m) provides that complaints are not to be dismissed if served within 120 days or within such additional time as the court may allow. <u>Henderson v. U.S.</u>, 517 U.S. 654, 663, 116 S.Ct. 1638, 1643-1644 (1996). Rule 4(m) permits a district court to enlarge the time for

service even if there is no good cause shown. Henderson, 517 U.S. at 658 n.5, 116 S.Ct. at 1641 n.5. If good cause is shown, a court *must* extend the time for service. If good cause is not shown, a court *may*, in its discretion, extend the time for service. Thompson v. Brown, 91 F.3d 20, 21 (5th Cir. 1996). To establish good cause, a plaintiff has the burden of demonstrating at least as much as would be required to show excusable neglect. Simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice. Winters v. Teledyne Movible Offshore, Inc., 776 F.2d 1304, 1306 (5th Cir. 1985).

In addition, some showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified is normally required. Winters, 776 F.2d at 1306, quoting 10 Wright & Miller, Federal Practice and Procedure: Civil § 1165 at 622 (1969). It is irrelevant that the defendant not served within the 120-day period later finds out about the suit or is in fact later served, as long as there was not good cause for the failure to serve within 120 days. Winters, 776 F.2d at 1305-1306.

Clark and McNeil contend they were improperly named in the original complaint, filed on December 13, 2013, as "John Clark" and "Gary McNeil"; that Dabney amended the complaint on September 24, 2015 to name "Joseph Clark" and "Kyle McNeil"; and that Dabney was given an extension of time until October 24, 2015 to serve Joseph

Clark and Kyle McNeil (Doc. 39). Defendants further contend that, on September 26, 2014, counsel for Defendants received an email requesting a waiver of service on behalf of McNeil and Clark, and that counsel notified Plaintiff's counsel, the same day, that she did not have authority to waive service on their behalf. Defendants further contend that, although Dabney alleges he sent waivers of service forms and summonses to Clark and McNeil on October 1, 2014, they never received or executed waivers of service, and Dabney did not make any further attempts to serve Clark and McNeil.

Dabney is proceeding in forma pauperis in this action and the United States Marshal's Service ("USMS") was ordered to serve Dabney's complaint on Defendants, with the stipulation that service would not be made without a properly completed Form 285 (summons) for each Defendant to be served (Doc. 9). Therefore, if Defendants did not waive service, Dabney had to fill out a summons/Form 285 for each Defendant to be served by the USMS. There are no summonses, service returns, or waivers of service in the record for Clark and McNeil.

Although Dabney argues that defense counsel has authority to waive service for Clark and McNeil, defense counsel has maintained that she does not have that authority, so Dabney should have requested service on Clark and McNeil by the USMS. However, Dabney apparently failed to send summonses to the USMS for service on

4

Joseph Clark and Kyle McNeil, despite having twice been given additional time in which to do so, and has not offered any reason for failing to serve Clark and McNeil within the time limit.

Therefore, Defendants' motion to dismiss (Doc. 69) Dabney's complaint against Joseph Clark and Kyle McNeil should be granted and Dabney's complaint against them should be dismissed without prejudice pursuant to Rule 4(m).

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that defendants' motion to dismiss (Doc. 69) be GRANTED and that Dabney's complaint against Joseph Clark and Kyle McNeil be DISMISSED WITHOUT PREJUDICE pursuant to Fed.R.Civ.P. Rule 4(m).

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before making a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT**

**WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 6th day of January 2016.

_____
HON. JOSEPH H. L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE