b

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CLARENCE DABNEY,<br>Plaintiff | CIVIL ACTION NO. 1:13-cv-03305 |
| VERSUS | CHIEF JUDGE DRELL |
| ROBERT CLEVELAND, *et al.*,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 117) filed by the remaining Defendants, Robert Cleveland ("Cleveland") and Gilda Nicholson ("Nicholson"). Defendants argue that because Plaintiff, Clarence Dabney ("Dabney"), fails to specify whether he seeks to recover against them in their individual or official capacities, and because the State of Louisiana is purportedly the "real party in interest," Dabney's claims are barred by Eleventh Amendment immunity.

The State of Louisiana is not a party to this lawsuit. Since Dabney did not specify whether he is suing Defendants in their official or individual capacities, it is presumed he is proceeding against them in both capacities.[1] See Douglas v. Gusman, 567 F.Supp.2d 877 (E.D.La. 2008) (citing Egerdahl v. Hibbing Cmty.Coll., 72 F.3d 615, 619 (8th Cir. 1995); Knox v. City of Monroe, 551 F.Supp.2d 504, 507 at n. 3 (W.D.La. 2008); Breaux v. Taylor, 2008 WL 145249, *2 (W.D.La. 2008).

---

[1] Dabney contends in his brief that he is not suing Defendants in their official capacities (Doc. 119), and is only suing them in their individual capacities.

1

I.   Background

On April 25, 2013, Dabney was an inmate incarcerated at the Avoyelles Correctional Center ("ACC"). Cleveland, a physician, and Nicholson, a nurse, were both employed at ACC.

On that day, Dabney alleges he was bitten by spiders while working at an assigned job near the prison kitchen, and that he was subsequently denied adequate medical care for those bites. As result, Dabney alleges he permanently lost all vision in both eyes and nearly died. Dabney seeks damages, costs, and attorney fees for his injuries.

II.  Law and Analysis

   A.   Standards governing the Motion to Dismiss.

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a court may dismiss a claim over which it lacks subject-matter jurisdiction. "A motion to dismiss for lack of subject-matter jurisdiction should only be granted if it appears certain that the plaintiff cannot prove any set of facts in support of his claims entitling him to relief." In re FEMA Trailer Formaldehyde Products Liab. Litig. (Mississippi Plaintiffs), 668 F.3d 281, 287 (5th Cir. 2012). "Plaintiffs bear the burden of establishing subject-matter jurisdiction." Id.

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(1), a court must accept a plaintiff's factual allegations in the complaint as true. Machete Prods., L.L.C. v. Page, 809 F.3d 281, 287 (5th Cir. 2015). However, a court may "find facts as necessary to determine whether it has jurisdiction." Id. Further, a court need not

accept as true legal conclusions masked as factual allegations. Id. "A court can find that subject matter jurisdiction is lacking based on '(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" Ballew v. Cont'l Airlines, Inc., 668 F.3d 777, 781 (5th Cir. 2012) (quoting Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001). Moreover, "[b]ecause sovereign immunity deprives the court of jurisdiction, the claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and not with prejudice." Warnock v. Pecos Cty., Tex., 88 F.3d 341, 343 (5th Cir. 1996).

> B. **To the extent Dabney makes official capacity claims against Dr. Cleveland and Nurse Nicholson, his claims should be dismissed as barred by the Eleventh Amendment.**

Dabney alleges in his complaints (Docs. 1, 26) that Defendants are employed by Sheriff Doug Anderson, the Avoyelles Parish Sheriff. In their answer (Doc. 12), Defendants denied that allegation and contended they are employed by the State of Louisiana. Defendants argue in their motion to dismiss that they are entitled to Eleventh Amendment immunity as state employees who are sued in their official capacities.

For purposes of sovereign immunity, an official capacity claim against a state employee is treated as a suit against the state itself. See Nelson v. Univ. of Texas at Dallas, 535 F.3d 318, 320 (5th Cir. 2008). Absent an exception,[2] such a suit would be barred by the Eleventh Amendment. See id. Neither a state nor its officers acting

---

[2] No exception has been alleged by Dabney. Dabney has not asked for injunctive or declaratory relief.

3

in their official capacities are "persons" under §1983.  See <u>Hafer v. Melo</u>, 502 U.S. 21 (1991).  The Eleventh Amendment also bars federal courts from hearing state law claims brought in federal court against state entities and state officers sued in their official capacities, including claims for injunctive relief under state law.  See <u>Kermode v. Univ. of Miss. Medical Center</u>, 496 Fed.Appx. 483, 491 (5th Cir. 2012) (citing <u>Pennhurst State School & Hosp. v. Halderman</u>, 465 U.S. 89, 122-23 (1984)).

Therefore, Dabney's federal and state law claims against Defendants in their official capacities should be dismissed as barred by the Eleventh Amendment. However, because Dabney has never clarified whether he sues Defendants in their official or individual capacities, the Court presumes that Dabney sues Defendants in both capacities.

Defendants are not entitled to immunity against Dabney's claims against them in their individual capacities.  By silence in their Motion, Defendants implicitly concede as much.  Therefore, Dabney may pursue his claims against Defendants in their individual capacities.

### III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Defendants' motion to dismiss (Doc. 117) be GRANTED IN PART AND DENIED IN PART, and that Dabney's federal and state law claims against Defendants in their official capacities (only) should be DISMISSED WITHOUT PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from

service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __27th__ day of December, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge